Turkey, J.,
delivered the opinion of the Court.
The judgment of the Circuit Court is correct.
The only question is one of taxation of costs. The plaintiff in error, who was plaintiff below, sued the defendant in the Circuit Court of Bedford county, and filed what purports to be a declaration. The defendant filed a plea of ml debit, and one of set-off. The jury returned a verdict, “that they find that the plaintiff has sustained damages by reason of the premises in the declaration mentioned, to the sum of one hundred and eighty-one dollars; and they further find that the plaintiff is indebted to the defendant, by way of set-off, one hundred and sixty-nine dollars and seventy-five cents, leaving a balance of eleven dollars and twenty-five cents in favor of the plaintiff.”
Upon this verdict the Court pronounced judgment in favor of the plaintiff for eleven dollars and twenty-five cents, together with the costs of the cause.
At the next term of the Court the defendant moved to re-tax the costs, and showed to the Court that on the trial he had examined several witnesses in support of his set-off, thereby creating costs to the amount of $43.86, which he asked should be stricken from the costs taxed against him, and taxed to the plaintiff. The Court entertained the motion. The action of the court is well sustained by reason and authority. The set-off was a cross action, in which the defendant was plaintiff, and in which he succeeded. Upon principle, as well as by the universal rule of courts of law, having succeeded in establishing and recovering his demand, he was entitled to re *3 cover the costs necessarily and properly accruing in making out his case.
It is insisted in argument that the correction or re-taxation should not be made because the verdict is general, and does not ascertain the items constituting the set-off.
Such is not the law; and if it were, it would be difficult to apply it in this case. Under what is called the pleadings, the declaration does not propose to be in any particular form of action, but may be denominated assumpsit, debt, trespass, trover or ejectment, as it is “for damages for property/’ indefinitely described as “crockery-ware, carpets, desks, chairs, stables, crops, fences,” etc.
The plea of set-off is equally inartificial, the items being generally blank, and always vague and uncertain. There is nothing in the declaration or plea notifying the opposite party of what he is called on to defend. The object of pleading is wholly disregarded in both. Both ought to have been stricken out by the court, and the parties required to re-plead. The parties, made such an issue as satisfied themselves,' and there was a verdict. The case is not here in such shape, nor for such purpose, as to authorize this Court to disturb the pleadings now. Though they are in no part good, even under the broad and loose allowances of the Code, still they aptly illustrate the demoralization that has already grown out of the Code system of pleadings; and will further result from it, unless the Courts require those of the profession who prefer to plead under it, to adhere strictly to its requirements.
It would be better for the rights of parties, and the *4 purity of the law, if we could return to tbe ancient way —treat pleading as a science, and tbe only true groundwork upon wbicb tbe proper administration of tbe law can permanently stand.
Affirm tbe judgment.